# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| **GABRIEL I. ADKINS,** | **CIVIL ACTION NO. 15-68-HRW** |
| **Plaintiff,** | |
| **V.** | |
| **JAY JOHNSON,** | **MEMORANDUM OPINIOIN AND ORDER** |
| **Defendant.** | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Gabriel I. Adkins is an inmate confined in the Boyd County Detention Center located in Catlettsburg, Kentucky. Adkins has filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983 against Defendant Jay Johnson, whom he identifies as "Bailiff, Boyd County Sheriff's Office." [D. E. No. 1, p. 1] In a separate Payment Order, Adkins has been granted *in forma pauperis* status.

The Court conducts a preliminary review of Adkins's § 1983 complaint because he asserts claims against a government official, and because he has been granted *in forma pauperis* status in this action. 28 U.S.C. §§ 1915(e)(2); 1915A. In such cases, a district court must dismiss any action which (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.* Because Adkins is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But as explained below, the Court will dismiss Adkins's § 1983 complaint without prejudice, based on the principle of federal abstention.

## ALLEGATIONS OF THE § 1983 COMPLAINT

Adkins alleges that on three occasions between August 20, 2015, and August 24, 2015, he was involved in a series of verbal confrontations and/or physical altercations with Johnson. [D. E. No. 1, pp. 3-3] The complaint is difficult to follow as to the exact sequence of events, but Adkins appears to be alleging that Johnson accused him of stealing during the initial encounter; that Johnson had a "negative & condescending attitude" toward him during one or all of these alleged encounters; that Johnson searched him and arrested him during one of these encounters; and that he was eventually taken to court over a result of some or all these incidents. [*Id.*] The alleged encounters with Johnson appear to have begun on August 20, 2015, when Adkins was in a pizza restaurant located in Ashland,

Kentucky, and culminated on August 24, 2015, as Adkins was being taken from the Boyd County Courthouse, after making a court appearance. [*Id.* p. 4]

Adkins alleges that Johnson violated his rights guaranteed under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and that as a result, he has suffered "prejudice on new case that's pending." [*Id.*, p. 4] Further, in "laundry-list" fashion, Adkins used the following phrases to describe the conduct about which he complains: (1) "assault on me;" (2) "malicious prosecution;" and (3) "abuse of process." [*Id.*] Again, the complaint lacks clarity, but presumably Adkins is claiming that Johnson engaged in these alleged actions. Adkins demands $7,000,000.00 in damages to compensate him "...mentally and physically," and asks that "...the proper punishment & justice done to all parties." [*Id.*, p. 8]

According to the publically available records from the Boyd Circuit Court, on August 22, 2015, Adkins was charged with two counts of Assault in the First Degree. *Commonwealth vs. Gabriel Isaiah Adkins*, No. 15-F-00369 (Hon. Scott T. Reese, presiding) (the State Court Criminal Case"). Adkins was arrested on August 23, 2015, and on August 24, 2015, the Boyd Circuit Court appointed a public advocate to represent Adkins in the State Court Criminal Case, which has been pending before the Boyd Circuit Grand Jury since September 2, 2015.

## DISCUSSION

In his § 1983 complaint, Adkins alleges that Johnson violated his various federal constitutional rights, caused him to suffer prejudice in a criminal case, assaulted him, maliciously prosecuted him, and engaged in abuse of process. Adkins did not specifically mention the State Court Criminal Case, but it is logical to conclude that in this § 1983 action, Adkins is attempting to collaterally challenge Johnson's actions which may have led to criminal charges being filed against him in the State Court Criminal Case. And in pursuing this collateral challenge, Adkins is demanding $7 million in damages from Johnson.

Based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Adkins cannot recover damages from Johnson in this § 1983 proceeding. Under the *Younger* abstention doctrine, federal courts generally refrain from interfering with ongoing state criminal proceedings, except under very limited circumstances. *See Younger*, 401 U.S. at 43, 91 S.Ct. 746. A district court must examine three factors to determine whether it should abstain from hearing a case under the *Younger* doctrine: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neil v. Coughlan*, 511 F. 3d

4

638, 643 (6th Cir. 2008) (citing *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)).  This case satisfies all three of these factors:  (1) an on-going criminal proceeding against Adkins is pending in the state court; (2) that state court criminal proceeding implicates important state interests (*i.e.,* the full investigation and prosecution of a defendant charged with first degree assault, a serious felony); and (3) Adkins will have an adequate opportunity in the State Court Criminal Case to raise any constitutional challenges concerning Johnson's alleged actions between August 20-24, 2015, which may be associated with the criminal charges filed against him.

*Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction."  *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 91 L.Ed.2d 512 (1986).  That analysis certainly applies here:  if this Court were to entertain Adkins's § 1983 complaint--in which he seeks damages from Johnson, based on alleged events which may be material to, or have resulted in, the criminal charges filed against him--it would be impermissibly interfering with the State Court Criminal Case, currently pending in the Boyd Circuit Court.  This Court declines to take that course of action and effectively interfere with a criminal prosecution pending in Kentucky state court.  *See Coles v. Granville*, 448 F.3d

853, 865 (6th Cir. 2006) ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case."); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006); *Sun Refining*, 921 F.2d at 638-42.

Therefore, the Court will dismiss Adkins's § 1983 complaint without prejudice to his right to assert his constitutional claims against Johnson, if warranted, when State Court Criminal Case has concluded.

## CONCLUSION

Accordingly, the Court being duly advised, **IT IS ORDERED** as follows:

1.     The 42 U.S.C. § 1983 complaint filed by Plaintiff Gabriel I. Adkins [D. E. No. 1] is **DISMISSED WITHOUT PREJUDICE.**

2.     The Court will enter an appropriate Judgment.

3.     This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This October 13, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge